Anderson, J.,
delivered the opinion of the court.
By the act of incorporation of the Peters-burg Railroad Company, passed February 10th, 1830, (Session Acts *of 1829-30, § 17, p. 65,$ “All machines, wagons, vehicles and carriages purchased as aforesaid with the funds of the company, and all their works constructed under the authority of this act, and all profits which shall accrue from the same, shall be vested in the respective shareholders of the company forever, in proportion to their respective shares, and the same shall be deemed personal estate, and shall be exempt from any public charge or tax whatsoever.” And by section 32, the act is subject to amendment, alteration and modification by any future legislature, except so much thereof as prescribes the rates of charges for transportation, and provided that the rights of property acquired by the company under the act shall not be taken away or impaired. Under this charter the Peters-burg Company was organized and constructed the road.
By an act of the general assembly, passed April 2, 1853, (Session Acts of 1852-3, p. 142) — it would seem from the preamble, by the request of the two companies — the Greenesville and Roanoke railroad company became merged in the Petersburg Railroad Company, and the stockholders in the former became stockholders in the latter, and all the property, real and personal, owned by the former, became the property of the latter, and the capital stock of the latter was increased to the amount of the capital stock of both companies; and the charter of the Petersburg Railroad Company, as amended, became the charter of the united companies, as far as the same was applicable.
In the latter clause of section 3, it is declared that, “In no event shall the property of either of said companies within this commonwealth be exempt from taxation.”
This act was accepted by both companies, and the presidents of both, in pursu-anee of the 5th section, ^jointly certified to the secretary of state, “that the said companies had become united in pursuance of the provisions of said act of assembly.” Thenceforward they were consolidated into one company, and its organization and the conduct of its affairs as a consolidated company, were thereafter in accordance with the provisions of the Petersburg charter as amended by the said act of assembly of 2d of April, 1853.
It is contended by the appellant that the said act altered and amended the provision in the original charter of the Petersburg Company, which granted it an exemption from taxation, by declaring that “in no event shall the property of either company within this commonwealth be exempt from taxation.” If that be so, the two companies, in accepting the amendatory act, accepted it with this provision, and are not entitled to claim the exemption from taxation under the 17th section of the original charter of the Petersburg Railroad Company.
But it is contended for the appellees that the clause relied on by the appellant is a proviso restrictive only of what is enacted' in section 3, and does not take away their right of exemption from taxation under the original charter of the Petersburg Company. That enactment is as follows: “That on the expiration of the charter of the Petersburg Railroad Company, if the same shall not be renewed, the stockholders of that company may be stockholders in so much of the railroad as is now the Greenesville and Roanoke railroad, and shall thenceforth be a 'body corporate, under the charter *602 of the Greenesville and Roanoke railroad company, until the same shall expire by its prescribed limitation of time; and during that period, shall have, use and possess all the powers, privileges and franchises which the company now possess and enjoy.” And they contend that the clause which denies the right of exemption from taxation, is a *proviso only to said enacting clause, and takes away the right of exemption from taxation only upon the happening of that contingency, and at a 'remote period, if it ever happens.
The court is of opinion, that such is not the fair construction of the statute. The clause in question cannot be regarded as a proviso at all. There are two provisos which are restrictive of the right which is given by the preceding clause to reorganize the company under the charter of the Greenesville and Roanoke railroad company, upon a contingency which may never happen. The first is, that if during the union the charter of the Petersburg Company shall be abridged or forfeited the privileges conferred “by this section shall cease and not be used;” and the second proviso is, that the body corporate “authorized by this section, shall be subject to all the rules, regulations and restrictions prescribed in the Code of Virginia in respect to railroad companies.” Both provisos are complete, and apply to this section. Then follows the declaration, not restricted to the contingent event to which the foregoing provisos apply, but which is in these terms: “and in no event, shall the property of either of' said companies within this commonwealth be' exempt from taxation.” There was no such exemption in the charter of the Greenesville and Roanoke company, and there would have been no necessity to insert this clause in order to subject the property of the consolidated company, (which would embrace after the acceptance of this act the property of both companies), to taxation, but for the seventeenth section, before cited, in the charter of the Peters-burg Company, exempting the .property of that company from taxation, because the right to tax was an inherent and necessary prerogative of government, unless surrendered. The first, second and third sections, all relate to the same subject, the union *and incorporation of these companies into one, and to the corporate name, privileges, property and franchises of the companies thus consolidated, and the clause denying exemption, from taxation was unnecessary to make the property of the companies liable .to taxation under either section, but for the said seventeenth section in the charter of the Petersburg company. The only object and design of the legislature, therefore, by the declaration in question, was to do away with that section, which was alike applicable to the first and second sections of this act, and to the third. It is impossible to conceive that it was the design of the legislature to legislate so as to avoid its future operation at a remote period,” upon an event which was altogether contingent, and to allow it to have a present and continued operation, and if the -contingency never happened, of which the third section is predicated, a perpetual operation to exempt the property of these companies from taxation. The court is therefore of opinion, both upon a view of the grammatical structure of the third section and of the clause in question, and of the spirit of the act, the evident design and purpose of the legislature _ in making this declaration, that it applies as well to the preceding sections, and is not merely restrictive of the enacting clause of the third section, but provides, not in the contingent event indicated in the third section, but in no event the union of the two companies as authorized by the first and second sections, under the Petersburg Company’s charter, or its organization under the Greenesville and Roanoke charter as contingently authorized by the third section, at a remote period, “in no event, shall the property of either of said companies, within this commonwealth, be exempt from taxation.”
It was evidently the design of the legislature that these companies, under their ■ new organization, should not be *exempt from taxation; but section 17 of the charter of the Petersburg Company had allowed such exemption to that company, and as the Greenesville and Roanoke company, by the first section, had been merged in the Petersburg Company, and the second section had provided that the charter of that company, as it had been amended, should regulate and control the consolidated company, to carry out the design of the legislature it was essential that the declaration in question should have reference,to the first and second sections as well as to the third, and it is applicable to the status of the companies under the two first sections as well as to what it might be contingently under the third by the express terms, “and in no event,” which comprehends both. It is virtually a repeal of section 17 of the charter of the Petersburg company, or an express assertion on part of the state that the said company’s property should not thereafter be exempt from taxation;. and this, with the assent of the company, signified by the acceptance of the act and reorganizing and conducting its operations under it. Whether the legislature would have been authorized, under the reservation of section 33 of the charter of the Petersburg Company, above recited, to have made en mero motu this alteration in the charter, is not a question in this case; because the said act of April 3d, 1853, was passed at the instance and request of the said companies, and was accepted by them; and the Petersburg Company, at least, took important benefits under it, such as the 'enlargement of its charter privileges by the right given to merge the Greenesville and Roanoke railroad company in itself, and to acquire all its corporate rights, privileges, franchises and property, and to add to .the amount of its capital stock. It appears also that the company afterwards acquiesced in the prerogative exercised by *603 the City of Petersburg to tax its property within the corporate *limits of the city, which it now resists, by paying taxes to the city for a series of years.
The court being of opinion, for the foregoing reasons, that there is nothing in the charter of the Petersburg company, as now organized, which entitles it to exemption from taxation, and that the City of Peters-burg has the right, under its charter, to levy the taxes involved in this suit, deems it unnecessary to consider the questions raised upon the demurrer. It is of opinion, therefore, that the decree of the circuit court of the city of Petersburg be reversed, the injunction dissolved, and that the bill of plaintiffs be dismissed with costs.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the property of the Petersburg Railroad Company, within the limits of the city of Petersburg, is subject to taxation by the said city; and that there is no error in the decree of the circuit court of Petersburg, perpetuating the injunction which restrained the said city from levying and collecting the taxes on the property of the said Peters-burg Railroad Company for the years 1871 and .1873. It is therefore ordered, that the said decree be reversed and annulled, and that the appellees pay to the appellants its costs in the prosecution of its appeal here. And this court, proceeding to pronounce such decree as ought to have been rendered by the court below, doth adjudge, order and decree that the injunction which was awarded the plaintiffs below and the same is hereby dissolved, and that the bill of the said plaintiffs be dismissed with costs.
Decree reversed.